In the Matter of the Claim of BERTHA PLATT, Respondent, against LEE DYEING COMPANY OF JOHNSTOWN, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award made by the Workmen's Compensation Board granting death benefits to a widow of a deceased workman. Decedent died on May 9, 1953, and the principal cause of his death as revealed by an autopsy was a ruptured aortic aneurysm. The board found that decedent lifted some heavy barrels on May 1, 1953, and thereafter felt pain in his back; that he continued working until May 6, 1953 and was then hospitalized on that date for a rupture of the abdominal aorta and aneurysm which resulted in his death on May 9, 1953. There is medical testimony to sustain causal relation between the lifting of heavy barrels and the subsequent course of events leading to decedent's death, if in fact decedent was lifting heavy barrels at the time he first felt pain. Strangely enough, and despite the voluminous size of the record here, there is nothing but hearsay testimony in the case as to decedent's usual duties and the work he was engaged in at the time he first felt pain. The issue involved on appeal is whether there was corroboration of his hearsay declarations to his wife and the physicians who treated him. His wife testified that it was part of decedent's regular work to lift heavy barrels but it is obvious from reading her testimony that her statement in this respect was based on hearsay. There is no proof whatever that she ever saw him lifting a barrel, or indeed that she ever saw him in the course of any of his duties. Corroboration of a hearsay declaration is not furnished by merely producing additional hearsay testimony. While direct proof of decedent's duties must have been available there is nothing in this record, except for hearsay declarations, that is descriptive of his work at any time. Moreover the medical testimony indicated that the rupture of the aneurysm might have occurred without any extraordinary effort; hence the rupture itself was not corroborative of any alleged lifting. In view of the foregoing we think the matter should be returned to the board for additional testimony. Award reversed and matter remitted to the Workmen's Compensation Board, with costs to the appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ., concur.